UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA L.P.,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>STEVE TAYLOR, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-00636-NC   (WHO)<br><br>**ORDER REMANDING CASE** |

　　　　On August 6, 2013, the Court adopted the Report and Recommendation of Judge Laporte and remanded a case that had been removed to this Court by defendants Steve Taylor and Maria Taylor. Case No. 13-2750, Docket 12. The Court concluded that the defendants could not remove the underlying unlawful detainer action – filed in San Joaquin Superior Court on January 28, 2013 – to this Court and that the Court lacked jurisdiction over the action. *Id*.

　　　　On February 11, 2014, defendants Steve Taylor and Maria Taylor removed the *same* state court unlawful detainer case to this Court. *See* Docket No. 1. In their current notice of removal, the Taylors assert a different ground justifying removal (discrimination under 42 U.S.C. § 1983). However, the removed complaint and the documents supporting the notice of removal are identical.

　　　　The reasons why Judge Laporte and this Court concluded that the prior removal was improper (no federal claims were asserted in the underlying unlawful detailer case, no diversity jurisdiction existed) apply to the removal in this case. State court defendants *cannot* remove an unlawful detainer case to federal court where there is no federal cause of action on the face of the unlawful detainer complaint and the amount in controversy is limited. *See* Case No. 13-2750, Docket No. 9 at 2-4.

　　　　Therefore, the Court concludes that *sua sponte* remand of this case is appropriate. After

1    the Court reached this conclusion, but before this Order issued, plaintiff in the underlying action
2    filed a motion for remand and for attorney's fees.  Docket No. 7.  Having already concluded the
3    matter should be remanded, plaintiff's motion is DENIED as moot.
4         The Taylors are advised against further removals of this unlawful detainer case.  Although
5    the Court adopted Judge Laporte's recommendation that attorney's fees not be awarded as a result
6    of the first improper removal (*id*. at 4), and the Court will not award attorney's fees for the *sua*
7    *sponte* remand in this case, the Court *will* award attorney's fees and costs if the Taylors remove
8    this case again.
9         This matter is REMANDED to the Superior Court for the County of San Joaquin.   The
10   Clerk shall close the file.

12   **IT IS SO ORDERED**.
13   Dated: February 21, 2014

             \[signature\]
             WILLIAM H. ORRICK
             United States District Judge